DECISION
{¶ 1} Appellant, Tracy Maloney Flynn, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, which rendered various child custody and visitation decisions arising out of a divorce decree.
 {¶ 2} Appellant and appellee, Patrick M. Flynn,[1] were married in 1994, and two children were born as issue to the marriage: Patrick, born in 1994, and Breon, born in 1996. The parties were divorced in 1996, with appellant being awarded custody. The divorce has been characterized by multiple disputes involving paternal visitation, child support payments, child abuse accusations, paternal grandparent visitation, and the mental health and welfare of the children. The parties have filed frequent motions regarding all of these issues. At one point the parties' relationship was so contentious that the court ordered the visitation exchange of the children to occur at a visitation supervision site.
 {¶ 3} In 2000, several motions came before the trial court for determination. The first of these, filed on July 11, 2000, was a motion by appellant to terminate appellee's visitation on an emergency basis. This motion was apparently based upon an alleged incident of abuse by appellee of the then six-year-old Patrick. Another motion, this one filed by appellee on August 18, 2000, sought a contempt finding and a reallocation of parental rights and responsibilities. A third motion by appellant, on November 8, 2000, again sought the termination of appellee's visitation rights, but not on an emergency basis. A magistrate's hearing on these motions was held in December 2000/January 2001, with the magistrate filing findings of fact and conclusions of law in May 2001. Appellee objected to these findings of fact and conclusions of law, with appellant filing a memorandum contra appellee's objections. On July 26, 2002, the magistrate issued a decision, and the trial court issued a decision and judgment entry which attempted a resolution of some of these areas of dispute.
 {¶ 4} In her decision of July 26, 2002, the magistrate held as moot appellant's motion to terminate appellee's visitation on an emergency basis, overruled appellee's motions for contempt and to modify parental rights and responsibilities, and sustained in part appellant's amended motion to terminate appellee's visitation. The magistrate stated that the standard for modification of visitation to be applied in this matter is stated in R.C. 3109.04(F), and found it was in the best interests of the children that appellee's visitation be modified to supervised companionship time on alternating Saturdays and Sundays, that "Welcome to Our Place" be engaged to accommodate visitation, that appellant and appellee have no contact during companionship times, that appellee bear the costs of visitation supervision, and that the parties split the guardian ad litem fees. The trial court's decision and judgment entry also followed R.C. 3109.04, but found that supervised visitation was not in the best interests of the children, and ordered appellee to have unsupervised parenting time according to Loc. R. 27, and that visitation be coordinated and scheduled by the guardian ad litem. The court specifically stated that, although unsubstantiated allegations of child abuse may be a factor in establishing the change in circumstances necessary for a modification of parental rights and responsibilities, appellee has not exhibited behavior justifying supervised visitation.
 {¶ 5} Appellant now assigns the following as error:
 {¶ 6} "1. The trial court erred and abused its discretion in applying the incorrect legal standard to the facts before it in determining the parties' respective motions regarding Defendant-Appellee's visitation.
 {¶ 7} "2. The trial court erred and abused its discretion in determining that private exchanges of the children for purposes of parenting time and the standard Local Model Visitation Schedule serves the best interest of the parties' minor children."
 {¶ 8} Appellant's first assignment of error charges that the trial court incorrectly followed factors set forth in R.C. 3109.04, which applies to modifications of parental rights and responsibilities, when it should have considered the visitation modification factors outlined in R.C. 3109.051. Therefore, she alleges the court did not consider the children's age, health, safety, and the parents' and children's available time for visitation, all of which were mandatory considerations under R.C. 3109.051. Appellant claims the court's decision ignored evidence of appellee's denial of his son's mental health problems, appellee's failure to properly supervise the children, and appellee's difficulty with disciplinary issues, all of which were relevant to the visitation issue.
 {¶ 9} R.C. 3109.04 and 3109.051 are not identical or interchangeable, and each may only be applied under the appropriate circumstances. In Braatz v. Braatz (1999), 85 Ohio St.3d 40, 44, the court specifically outlined the differences between these two statutes:
 {¶ 10} "R.C. 3109.04 governs agreements allocating `parental rights and responsibilities,' or as we stated in [In re] Gibson [(1991),61 Ohio St.3d 168, 171], `the right to ultimate legal and physical control of a child.' The section * * * remains silent as to rights of visitation, or 'temporary physical control.' (Emphasis added.) * * * R.C. 3109.051 governs visitation rights. * * * We hold that modification of visitation rights is governed by R.C. 3109.051, and that the specific rules for determining when a court may modify a custody decree as set forth in R.C. 3109.04 are not equally applicable to modification of visitation rights. * * *"
 {¶ 11} Despite the fact that, on August 18, 2000, appellee had filed a motion to modify parental rights and responsibilities, the magistrate and the trial court expressly overruled that motion without comment. The court sustained in part appellant's motion to terminate appellee's visitation, but, at the same time, granted appellee additional visitation time and removed the supervision requirements which had previously been imposed. Although the record is replete with motions from both sides, and understandably the court may have had some difficulty comprehending exactly what these respective parties were seeking at any particular moment in time, one thing is certain: the appropriate and applicable standard for considering questions of modification of visitation is set forth in R.C. 3109.051, not R.C. 3109.04. By applying R.C. 3109.04, the trial court considered factors which it was not required to consider, and ignored other factors which should have been a part of its review. Thus, the resulting order was not rendered in accordance with the applicable law and we must sustain appellant's first assignment of error.
 {¶ 12} Appellant's second assignment of error alleges the court abused its discretion in concluding that the private exchanges of the children and the use of the standard local model visitation schedule were in the best interests of the children. According to appellant, even if the trial court did, in fact, apply the appropriate statute when it considered these facts under R.C. 3109.04, the facts do not support a change of circumstances, nor was there evidence that the changes in visitation were in the best interests of the children. Because we sustained appellant's first assignment of error on the basis that the wrong statute was applied and this matter must be remanded, these issues are not properly before the court and this assignment of error is overruled as moot.
 {¶ 13} Appellant's first assignment of error is sustained, her second assignment of error is overruled as moot, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and this cause is remanded for further proceedings consistent with the decision rendered herein.
Judgment reversed and cause remanded.
TYACK and DESHLER, JJ., concur.
[1] Defendant-appellee, Patrick M. Flynn, has not filed an appellate brief in this matter.